Eduardo H. Coronado, SBN 022397
**CORONADO LAW FIRM, P.L.L.C.**
4700 W. White Mountain Boulevard, Suite A
Lakeside, Arizona  85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
eduardocoronado@frontier.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Shane Badding,** | Case No.: |
| Plaintiffs, | |
| vs. | Complaint and Jury Demand |
| **Sheriff David Clouse, individually and in his official capacity as Sheriff of Navajo County, Arizona,** | |
| **And** | |
| **Navajo County Sheriff Deputy Garrison Fawcett, Individually and in his official capacity as an employee of the County of Navajo, Arizona, and his official capacity as Sheriff Deputy of the Navajo County Sheriff's Office,** | |
| **And** | |
| **Navajo County Sheriff Deputy and Sergeant Jason Lord, Individually and in his official capacity as an employee of the County of Navajo, Arizona, and his official capacity as Sheriff Deputy of the Navajo County Sheriff's Office,** | |
| **And** | |
| **Navajo County Sheriff Deputy Hailee Farkas, Individually and in her official capacity as an employee of the County of Navajo, Arizona, and her official capacity as Sheriff Deputy of the Navajo County Sheriff's Office,** | |
| **And** | |
| **Navajo County Sheriff Deputy Shayna Trusty, Individually and in her official capacity as an employee of the** | |

| County of Navajo, Arizona, and her official capacity as Sheriff Deputy of the Navajo County Sheriff's Office, | |
|---|---|
| **Defendants.** | |

## I. PRELIMINARY STATEMENT

1. This case challenges Defendants' excessive and unconstitutional use of force and unreasonable seizure and invasion of right to privacy. On June 25, 2020, Mr. Shane Badding was in his residence in Lakeside, Arizona. Navajo County Sheriff's Deputy and Sergeant Jason Lord, Sheriff Deputy Garrison Fawcett, Deputy Hailee Farkas, and Sheriff Deputy Shayna Trusty attempted to approach Mr. Badding's residence. No arrest warrant had been issued and the deputies had no intention on arresting Mr. Badding as the deputies only wished to talk to him. The deputies used powerful flood lights while attempting to reach Mr. Badding, which made it exceedingly difficult for Mr. Badding to see or identify anyone.

2. Mr. Badding made it clear that he did not want to talk to anyone and if they wished to talk to him, they needed to talk to his attorney. However, the deputies continued to blind Mr. Badding with their flood lights.

3. Eventually, the deputies called for backup.  Deputy Garrison Fawcett was one of the backup deputies who arrived at Mr. Badding's home. Deputy Garrison Fawcett eventually shot Mr. Badding in his hip area.

## II. **JURISDICTION AND VENUE**

4. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred onto this Court under 28 U.S.C. §§ 1331 and 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. Venue is proper in this District.

## III.  **PARTIES**

5. Shane Badding is the Plaintiff in this matter. Mr. Badding brings this suit. Plaintiff is, at all times relevant, a citizen of Arizona and this judicial district.

6. Defendant Navajo County Sheriff Deputy and Sergeant Jason Lord is, and was at all times relevant to this action, an employee of the Navajo County Sheriff's Office, assigned to work in Navajo County as a Sheriff Deputy. Defendant is a "person" under 42 U.S.C. § 1983, and at all times relevant to this case acted under color of law. He is sued in his individual and official capacities.

7. Defendant Navajo County Sheriff Deputy Garrison Fawcett is, and was at all times relevant to this action, an employee of the Navajo County Sheriff's Office, assigned to work in the Navajo County as a Sheriff Deputy. Defendant is a "person" under 42 U.S.C. § 1983, and at all times relevant to this case acted under color of law. He is sued in his individual and official capacities.

8. Defendant Navajo County Sheriff Deputy Hailee Farkas is, and was at all times relevant to this action, an employee of the Navajo County Sheriff's Office, assigned to work in the Navajo County as a Sheriff Deputy. Defendant is a "person" under 42 U.S.C. § 1983, and at all times relevant to this case acted under color of law. She is sued in her individual and official capacities.

9. Defendant Navajo County Sheriff Deputy Shayna Trusty is, and was at all times relevant to this action, an employee of the Navajo County Sheriff's Office, assigned to work in the Navajo County as a Sheriff Deputy. Defendant is a "person" under 42 U.S.C. § 1983, and at all times relevant to this case acted under color of law. She is sued in her individual and official capacities.

10. Defendant David Clouse is, and was at all times relevant to this action, an employee of the Navajo County Sheriff Office and is the elected Navajo County Sheriff. Defendant is a "person" under 42 U.S.C. § 1983, and at all times relevant to this case acted under color of law. He is sued in his individual and official capacities. At all times relevant to this case he is a policy maker with respect to customs, practices, policies, and procedures at the Navajo County Sheriff's Office.

### IV. **FACTS APPLICABLE TO ALL CLAIMS**

11. On June 25, 2020, Defendants Lord, Fawcett Farkas and Trusty showed up at Mr. Shane Badding's house in Lakeside, Arizona.
12. The Defendant deputies lacked any type of warrant.
13. The Defendant deputies turned on his floodlights and blinded him with the lights.

14. The two deputies were Navajo County Sheriff Deputies were Jason Lord, Garrison Fawcett, Hailee Farkas, and Shayna Trusty.
15. Plaintiff made it clear he did not wish to talk to the deputies.
16. Plaintiff also made it clear that if they wanted to talk to him, they needed to talk to his attorney.
17. They ignored his pleas and continued to blind him.
18. After a lapse of time, back up was called and Deputy Garrison Fawcett arrived.
19. Deputy Garrison Fawcett shot Mr. Badding in his hip area.
20. As a direct and proximate result of Defendants' actions, Mr. Shane Badding suffered mental anguish, emotional distress, pain and suffering, invasion of his privacy, unreasonable and unconstitutional force applied to his person, and unreasonable seizure of his person.
21. All injuries and damages described above were caused proximately by the wrongful acts of the Defendants.

### V. **FIRST CAUSE OF ACTION – 42 U.S.C. § 1983**

22. The Defendants have, under the color of law, deprived Plaintiff, Mr. Badding, of clearly established rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution, including but not limited to, the right to be free from deprivations of liberty and the right to be free from excessive, the right to be free from unlawful and unconstitutional use of force, his right to privacy, which are unreasonable and shock the conscience.
23. Defendant Clouse was on notice of the obvious need to train and supervise deputies in the area of polices and procedures relating to arrests, reasonable use of force, right to privacy, and deprivation of liberty. Defendant Clouse implicitly authorized, approved, and ratified Defendants' Lord, Fawcett, Farkas, and Trusty

unconstitutional conduct, which was exhibited when they permitted Navajo County Deputy Sheriff Deputies Lord, Fawcett, Farkas, and Trusty to use excessive and unconstitutional force against Mr. Badding and to invade Mr. Badding's privacy.

## VI. SECOND CAUSE OF ACTION – ASSAULT

24. The actions of Defendants caused personal injury to Mr. Badding.

## VII. THIRD CAUSE OF ACTION – NEGLIGENCE

25. Defendants breached their duty of care to provide protection to Mr. Badding against deprivations of liberty and the right to be free from excessive, unlawful, and unconstitutional use of force, and free from invasion of privacy, which are unreasonable and shock the conscience.

## VIII. JURY DEMAND

26. Plaintiff hereby demands a trial by jury of all issues triable by a jury.

## IX. PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff requests this Court award:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages in an amount to be shown at trial;

C. Reasonable attorneys' fees;

D. Pre-judgment and post-judgment interest;

E. Costs incurred in this action;

F. Such other and further relief as the Court may deem just and proper.

//

//

//

**RESPECTFULLY SUBMITTED** this 23rd day of June, 2021.

                **CORONADO LAW FIRM, P.L.L.C.**

                <u>/s/ Eduardo H. Coronado</u>
                Eduardo H. Coronado, Esq.
                Attorneys for the Plaintiffs